IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WILLIAM STANLEY DZIURKIEWICZ, and MELISSA GAIL DZIURKIEWICZ,<br><br>   Plaintiffs,<br><br>v.<br><br>ELIZABETH MARIE DZIURKIEWICZ,<br><br>   Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:12-cv-00907-RJS<br><br>Judge Robert J. Shelby |

On September 24, 2012, Plaintiffs William and Melissa Dziurkiewicz filed a *pro se* Complaint asserting state law causes of action against Defendant Elizabeth Dzieurkiewicz for intentional infliction of emotion distress, slander, and deceitful business practices. (Dkt. No. 1). Plaintiffs invoke federal diversity jurisdiction. *Id*. Defendant, also proceeding *pro se*, filed a consolidated Answer and Motion to Dismiss Plaintiffs' claims. (Dkt. No. 4). As explained below, Plaintiffs' Complaint contains only conclusory allegations, without the required factual support. Accordingly, Plaintiffs' Compliant is dismissed without prejudice to file a new complaint that comports with the federal rules. Plaintiffs may file an amended complaint to cure any pleading deficiencies within fourteen days.

1

## I. Legal Analysis

The court notes at the outset that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Mindful of that, defendant appears to raise two bases for dismissal. First, Defendant argues that Plaintiffs' Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6). Second, Defendant moves to dismiss under Rule 12(b)(2) for lack of personal jurisdiction over the parties. Since the court grants the motion to dismiss under Rule 12(b)(6), the jurisdictional issue will not be addressed.

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 554, 570 (2007)). A plaintiff must assert enough facts "to raise a right to relief above the speculative level" and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombley*, 550 U.S. at 555. A complaint does not "suffice if it 'tenders naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombley*, 550 U.S. at 557). The fact "that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

In this case, Plaintiffs include in their Complaint virtually no factual allegations supporting their claims. The Complaint merely alleges Defendant engaged in conduct resulting in harm. For example, Plaintiffs assert "[t]hat the Defendant . . . intentionally . . . engaged in deceitful business practices . . . [causing] irreparable harm." (Compl., Dkt. No. 1, ¶ 5). By not including any factual allegations the Complaint fails to provide Defendant with the fair notice required under the federal rules and the case law. Consequently the Complaint must be dismissed. The court will provide Plaintiffs with an opportunity to file an amended Complaint that conforms with the pleading standards described above. Plaintiffs may be able to state a claim against Defendant, but must do so with factual specificity in accordance with the federal rules.

## II. Conclusion

For the above reasons, Elizabeth Dziurkiewicz's Motion to Dismiss is GRANTED and William and Melissa Dziurkiewicz's claims against her are DISMISSED WITHOUT PREJUDICE. Plaintiff may file an amended complaint within fourteen days of this order.

SO ORDERED this 24th day of June, 2013.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge