IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| William Stanley Dziurkiewicz and Melissa Gail Dziurkiewicz,<br><br>              Plaintiff,<br>v.<br><br>Elizabeth Marie Dziurkiewicz,<br><br>              Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:12-cv-00907-RJS-BCW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

Plaintiffs William and Melissa Dziurkiewicz ("Plaintiffs") bring this action against Elizabeth Marie Dziurkiewicz ("Defendant") asserting claims of libel, slander, and fraud.[1] All parties are proceeding *pro se*. Plaintiffs' claims arise out of Defendant's allegedly improper statements posted on website complaint boards, allegedly using a different person's email account to post negative comments about Plaintiffs' businesses, and allegedly costing Plaintiffs' businesses millions of dollars in lost profits.[2] Currently before the Court is Defendant's Motion to Dismiss for lack of subject matter and personal jurisdiction.[3] Also before the Court are Plaintiffs' Motion for Summary Judgment and Motion for Sanctions.[4]

Plaintiffs initially filed this suit on September 24, 2012.[5] On January 28, 2013, Elizabeth Marie Dziurkiewicz ("Defendant") filed a joint Answer/ Motion to Dismiss alleging that

---

[1] Docket no. 16.

[2] *Id.* at ¶ 4.

[3] Docket no. 35 (The Court construes Defendant's first and second argument as a motion to dismiss for lack of subject matter jurisdiction and her third argument as a motion to dismiss for lack of personal jurisdiction).

[4] Docket nos. 38, 39.

[5] Docket no. 1.

Plaintiffs are residents of Van Buren County, Michigan, not Utah, as alleged in the Complaint.[6] On June 24, 2013, the Court granted Defendant's Motion to Dismiss without prejudice on the grounds that Plaintiffs' Complaint contains "only conclusory allegations, without the required factual support."[7] On July 8, 2013, Plaintiffs filed an Amended Complaint.[8] On November 4, 2013, the Court issued an Order to Show Cause why the court should not dismiss the case for lack of subject matter jurisdiction because Plaintiffs did not meet the $75,000 minimum amount in controversy.[9] On November 27, 2013, Plaintiffs filed a Second Amended Complaint.[10] The Court issued a second Order to Show Cause.[11] Plaintiffs then filed a Third Amended Complaint ("TAC") on August 6, 2014.[12] The Court then entered an Order to Show Cause to Defendant to show why the Court should not enter default judgment against her for failure to respond to Plaintiffs' TAC.[13] Defendant again filed a Joint Answer/Motion to Dismiss[14] and a Response to the Order to Show Cause.[15]

On January 15, 2015, Judge Shelby denied the Motion to Dismiss for failing to comply with Federal Rule of Civil Procedure 12 and Local Rule 7-1 and for not citing legal authority or making legal arguments in support of the Motion.[16] A Scheduling Order was entered although it

---

[6] Docket no. 4 at 2.

[7] Docket no 6 at 1.

[8] Docket no. 7.

[9] Docket no. 12.

[10] Docket no. 13.

[11] Docket no. 14.

[12] Docket no. 16.

[13] Docket no. 17.

[14] Docket no. 18.

[15] Docket no. 20.

[16] Docket no. 22.

is unclear whether discovery ensued.[17] On November 17, 2015, Defendant filed another Motion to Dismiss, again arguing that subject matter and personal jurisdiction are lacking.[18] On December 8, 2015, Plaintiffs filed a Motion for Summary Judgment and a Motion for Sanctions.[19]

The parties are now more than three and a half years into this litigation, Plaintiff has been granted leave to amend three different times, and the Court is still not convinced that it has either personal or subject matter jurisdiction.

1. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The plaintiff bears the burden of establishing personal jurisdiction but where "the issue is raised based on the pleadings . . . that burden can be met with a prima facie showing."[20] The Court accepts as true all well pleaded, non-conclusory facts alleged in the plaintiff's complaint, and all factual disputes are resolved in the plaintiff's favor.[21]

In order "to obtain personal jurisdiction over a nonresident defendant…a plaintiff must show that jurisdiction is legitimate under the laws of the forum state *and* that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."[22] There are two ways a State may assert jurisdiction over a non-resident defendant. First, the forum state's courts may exercise "general jurisdiction" over a defendant "if the defendant has 'continuous and

---

[17] Docket no. 34.

[18] Docket no. 35, at 2.

[19] Docket nos. 38, 39.

[20] *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

[21] *Id.*

[22] *Gynberg v. Ivanhoe Energy, Inc.*, No. 10-1361, 2012 WL 2855777 at *3(10th Cir. July 12, 2012) (quoting *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995); *Shrader v. Biddinger*, 633 F.3d at 1239)).

systematic general business contacts' with the forum state."[23]  Second, if general jurisdiction is not found, then the court may exercise "specific jurisdiction" over a defendant only if that defendant has 'purposely directed' its activities at the state's residents, and the plaintiff's claim arises out of or results from actions by the defendant himself that create a substantial connection with the forum state."[24]

The minimum contacts necessary for specific jurisdiction are established "if the defendant has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities."[25] Further, "[t]he pertinent inquiry in personal jurisdiction analysis is whether defendant, by its own actions, has purposefully availed itself of the privilege of conducting business in this jurisdiction so that it should reasonabl[y] anticipate being haled into this forum."[26]

In the internet context, "[t]he maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state."[27] "Similarly, posting allegedly defamatory comments or information on an internet site does not, without more, subject the poster to personal jurisdiction wherever the posting could be read (and the subject of the posting may reside)."[28]  Courts, therefore look to "indications that a defendant deliberately directed its

---

[23] *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998); *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984).

[24] *Burger King v. Rudzewicz*, 471 U.S. 462, 472–73 (1985).

[25] *OMI Holdings, Inc.*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. at 472); *see also Rainy Day Books v. Rainy Day Book & Café, LLC,* 186 F.Supp.2d 1158, 1162 (D. Kan. 2002)("In order to exercise specific jurisdiction, there must be 'some act by which the defendant purposefully availed itself of the privilege of conducting business in the forum state, thus invoking the benefits and protections of its laws.'")(citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

[26] *Rainy Day Books*, 186 F.Supp.2d at 1165.

[27] *Shrader*, 633 F.3d at 1241.

[28] *Id.*

message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state."[29]

Plaintiffs have not suggested any basis for personal jurisdiction in Utah. Plaintiffs allege that Defendant is a member of a website complaint board and has posted statements on the internet attacking Plaintiff's character and reputation.[30] Defendant allegedly said she "would not buy anything from Bandit Aerial Productions. This guy is very sneaky."[31] Defendant allegedly posted another comment on a public website stating that "It takes corruption to know corruption."[32] Plaintiffs also allege that Defendant used a different person's email account to post the corruption comment.[33] There are additional factual allegations in the TAC similar to the ones detailed above, however, The TAC is devoid of any factual detail aimed at or involving Utah and there are simply no allegations or indications that the defendant deliberately directed its message at an audience in Utah and intended harm to the Plaintiff occurring primarily or particularly in Utah. While Plaintiffs do not make any allegations that Defendant directed or intended harm in Utah, Defendant states that she has never been in the State of Utah.[34] Plaintiff has failed to make a prima facie case that either general or specific personal jurisdiction exists in this case. The Court has already permitted Plaintiff to amend three times. Given such, the Court RECOMMENDS that Plaintiff's TAC be dismissed with prejudice for lack of personal jurisdiction.

---

[29] *Shrader*, 633 F.3d at 1241.

[30] Docket no. 16, at ¶ 4.

[31] *Id.*

[32] *Id.* at ¶ 5.

[33] *Id.*

[34] Docket no. 19.

2.  MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Federal subject matter jurisdiction is elemental.  It cannot be consented to or waived and its presence must be established in every case under review in the federal courts.[35]  The Court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings."[36]  Satisfaction of the diversity of citizenship requirement found in 28 U.S.C. § 1332(a), is determined as of the date that suit is filed.[37]

Upon review of the TAC, the Court is unclear whether it has subject matter jurisdiction.  There is no section entitled "Jurisdiction."  Plaintiffs allege that they are "resident citizens" of the State of Utah and Defendant is a "citizen" of the State of Michigan.[38]  Moreover, Plaintiffs allege that Defendant has "irreparably harmed the Plaintiffs and their business[es], Marketing Masters and Bandit Aerial Production."[39]  Plaintiffs claim $2,400,000 in damages to Plaintiffs' companies, although such companies are not listed as parties in this case.  Plaintiffs acknowledge in their Complaint that Marketing Masters, Inc. is "an S-corporation in Michigan."[40]  Plaintiffs allege that a prospective client rejected Plaintiffs' bid [for a particular contract] due to internet complaints "against Plaintiffs' companies."[41]  Plaintiffs therefore seek damages that their companies experienced as a result of Defendant's conduct.  At least one such company is

---

[35] *Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1135 n.4 (10th Cir. 2010) ("[W]e must satisfy ourselves not only of our own jurisdiction, but also that of the lower courts in the cause under review.") (quoting *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004)) (internal quotation marks omitted).

[36] *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998) (quoting *Tafoya v. U.S. Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)).

[37] *See St. Paul Mercury Indem. Co v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938); *Wolde-Meskel v. Vocational Instruction Project Community Servs., Inc.,* 166 F.3d 59, 62 (2d Cir. 1999).

[38] Docket no. 16, at 1.

[39] *Id.* at p. 5.

[40] *Id.* at ¶ 2.

[41] *Id.* at ¶ 7.

allegedly incorporated in Michigan.[42] Given the facts outlined above, the Court is unable to satisfy itself that it has subject matter jurisdiction in this case. The Court therefore alternatively RECOMMENDS dismissal for lack of subject matter jurisdiction.

## CONCLUSION AND RECOMMENDATION

IT IS HEREBY RECOMMENDED that:

1) Defendant's Motion to Dismiss[43] for lack of personal jurisdiction is GRANTED.

2) Alternately, Defendant's Motion to Dismiss[44] for lack of subject matter jurisdiction is GRANTED.

3) Plaintiff's Motion for Summary Judgment[45] and Motion for Sanctions[46] are deemed MOOT.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to object.[47] Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court. Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

---

[42] Additionally, Defendant, from the beginning of this proceeding has claimed that Plaintiffs are actual residents of Michigan. *See* Docket nos. 5, 18, 20. Defendant argues that Plaintiffs were opposing parties in a divorce action in Michigan, and in that action, both claimed to be residents of the State of Michigan. *See* Docket no. 18, at 2. In Defendant's Response to the Order to Show Cause directed at Defendant, she argued that Plaintiff Mr. Dziurkiewicz lists his home address as a post office in Midvale, Utah. Docket no. 20.

[43] Docket no. 35.

[44] Docket no. 35.

[45] Docket no. 38.

[46] Docket no. 39.

[47] *See* 28 U.S.C. §636(b)(1).

DATED this 23 May 2016.

_____
Brooke C. Wells
United States Magistrate Judge