IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| WILLIAM STANLEY DZIURKIEWICZ and MELISSA GAIL DZIURKIEWICZ,<br><br>Plaintiffs,<br><br>v.<br><br>ELIZABETH MARIE DZIURKIEWICZ,<br><br>Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:12-cv-00907-RJS<br><br>Judge Robert J. Shelby |

Pro se Plaintiffs William and Melissa Dziurkiewicz sued pro se Defendant Elizabeth Dziurkiewicz for libel, slander, and fraud.[1] Plaintiffs allege that Defendant's tortious conduct has cost Plaintiffs' businesses millions of dollars in lost profits. None of Plaintiffs' businesses are a party in this case. Defendant has filed a Motion to Dismiss for lack of personal and subject matter jurisdiction.[2] Meanwhile, Plaintiffs have filed a Motion for Summary Judgment[3] and a Motion for Sanctions.[4] The court referred the case to Magistrate Judge Brooke Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[5]

Judge Wells issued a Report and Recommendation on May 23, 2016.[6] Judge Wells first recommended that the court dismiss Plaintiffs' operative Complaint with prejudice and grant Defendant's Motion to Dismiss for lack of personal jurisdiction. Judge Wells explained that Plaintiffs' operative pleading "is devoid of any factual detail aimed at or involving Utah and

---

[1] Dkt. 16.
[2] Dkt. 35.
[3] Dkt. 38.
[4] Dkt. 39.
[5] Dkt. 23.
[6] Dkt. 40.

1

there are simply no allegations or indications that [Defendant] deliberately directed its message at an audience in Utah and intended harm to the Plaintiff[s] occurring primarily or particularly in Utah."[7] Judge Wells also recommended that the court alternatively dismiss the case for lack of subject matter jurisdiction because it is unclear whether there is complete diversity between the parties. For instance, at least one of Plaintiffs' companies that have allegedly suffered damages due to Defendant's conduct is a "citizen" of the same state as Defendant.[8] Finally, Judge Wells recommended that the court deem Plaintiffs' Motion for Summary Judgment and Motion for Sanctions moot.[9]

Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), a party has fourteen days from receipt of a Report and Recommendation to file an objection. Neither party has done so. In the absence of an objection, the court applies a clearly erroneous standard of review.[10] Under this deferential standard, the court will affirm a Magistrate Judge's ruling unless the court "'is left with the definite and firm conviction that a mistake has been committed.'"[11]

After carefully reviewing the briefing, record, and relevant legal authorities, the court concludes that Judge Wells did not clearly err in ruling on the current motions. As a result, the court ADOPTS the Recommendation and GRANTS Defendant's Motion to Dismiss for lack of personal and subject matter jurisdiction. (Dkt. 35.) Plaintiffs' Third Amended Complaint is dismissed WITH PREJUDICE. And Plaintiffs' Motion for Summary Judgment and Motion for Sanctions are DENIED as MOOT. The Clerk of Court is directed to close the case.

SO ORDERED this 8th day of June, 2016.

---

[7] *Id.* at 5.
[8] *Id.* at 6–7.
[9] *Id.* at 7.
[10] *Thompson v. Astrue*, 2010 WL 1944779, at *1 (D. Utah May 11, 2010) (citing 28 U.S.C. § 636(b)(1)).
[11] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge